# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                      Tel: 718-740-1000
Email: abdul@abdulhassan.com                                             Fax: 718-740-2000
*Employment and Labor Lawyer*                                     Web: www.abdulhassan.com

<p align="center">June 14, 2021</p>

**Via ECF**

Hon. Brian M. Cogan, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-613-2230
Fax: 718-613-2236

>       **Re: Rosado v. Goodwill Industries of Greater New York and Northern New Jersey, Inc.**
>              Case No. 21-CV-02433 (BMC)
>              **Joint Letter**

Dear Judge Cogan:

      My firm represents plaintiff in the above-referenced action. Pursuant to Your Honor's requirements, the parties respectfully submit this joint letter in advance of the upcoming initial pretrial conference scheduled for June 15, 2021.

### 1. Brief description of the case

      This is an action to recover unpaid wages, including unpaid overtime wages, and liquidated damages, on behalf of plaintiff, under the FLSA and New York Labor Law ("NYLL"). This Court has jurisdiction over the FLSA claims under 29 USC § 216(b) and 28 U.S.C. §§ 1331, and supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367.

### (a) The factual and legal bases for the claim(s), as described by Plaintiff.

      A recitation of the pertinent facts can be found in plaintiff's complaint. In essence, however, plaintiff alleges that he was employed by defendant from on or about June 26, 2017 to on or about January 19, 2021, as a manual warehouse worker. Plaintiff was paid about $17 an hour and worked approximately 60-70 or more hours per week. Plaintiff was paid for some overtime hours but was not paid any wages for about 10-15 overtime hours worked each week.

Plaintiff brings claims to recover his unpaid overtime wages and liquidated damages. Plaintiffs also seeks maximum recovery for violations of NYLL §195(1) and NYLL § 195(3) from Defendant for not receiving the required notice(s) and statement(s).

**(b) The factual and legal bases for the defense(s), as described by Defendant.**

Goodwill Industries of Greater New York and Northern New Jersey Inc. ("Goodwill") is a non-profit, charitable organization which, as explained on its website, provides community based services to "empower[] individuals with disabilities and other barriers to employment to gain independence through the power of work."[1] Although Goodwill is well known for its thrift stores, Goodwill's principal focus is on vocational rehabilitation and training. Goodwill's operations depend on public grants and private charitable funding, the sum total of which is never sufficient to fund its numerous programs. Therefore, the net income from Goodwill's thrift stores is directed back into Goodwill's social services programs.

Contrary to the claims in the Complaint, Plaintiff Angel Rosado was properly paid in accordance with federal and New York State law for all of the time he worked at Goodwill's warehouse, including being paid at time and one-half his regular hourly rate for all hours he worked in excess of forty per week. Plaintiff was scheduled to work Monday - Friday 7am - 3pm and never worked 60-70 hours in a week. Plaintiff received all notices required by New York Labor Law. Plaintiff was properly paid on a bi-weekly basis as, according to the New York Department of Labor (DOL), "[m]anual workers for nonprofit entities must be paid in accordance with their agreed terms of employment but not less frequently than semi-monthly." See https://dol.ny.gov/system/files/documents/2021/03/frequency-of-pay-frequently-asked-questions.pdf Finally, Plaintiff was not eligible for any severance pay, as alleged in the Complaint.

## 2. Contemplated Motions

Plaintiffs anticipate making a motion for summary judgment at the conclusion of discovery.

Defendant anticipates making a motion for summary judgment dismissing all of Plaintiff's claims at the conclusion of discovery.

## 3. Prospect for Settlement.

The parties have not yet engaged in any settlement discussions. Plaintiff is not opposed to a referral to the Court's mediation program. Goodwill has asked Plaintiff to make an initial settlement proposal so that Goodwill can determine if mediation would be useful.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

---

[1] *See* https://www.goodwillnynj.org/services.

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**Cc: Defense counsel via ECF**